12-2399-cv
Ku v. HUD

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand thirteen.

PRESENT: DENNY CHIN,
         CHRISTOPHER J. DRONEY,
                     Circuit Judges,
         JOHN GLEESON,
                     District Judge.*

- - - - - - - - - - - - - - - - - - - -x
EMANUEL KU,
            Plaintiff-Appellant,

        -v.-                                    12-2399-cv

UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT, SHAUN DONOVAN,
Secretary of the United States
Department of Housing and Urban
Development, CUTLER, TRAINOR &
CUTLER, LLP, Foreclosure Commissioner,
CITY OF NEWBURGH, BURTON TOWERS LLC,
            Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -x
FOR PLAINTIFF-APPELLANT:      UMAR A. SHEIKH, Loanzon Sheikh LLC,
                              New York, New York.

FOR DEFENDANTS-APPELLEES:     ELLEN LONDON, Assistant United
                              States Attorney (Benjamin H.
                              Torrance, Assistant United States
                              Attorney, on the brief), for Preet
                              Bharara for the United States
                              Attorney's Office for the Southern
                              District of New York, New York, New
                              York.

---

*The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

RICHARD B. GOLDEN, Burke, Miele & Golden, LLP, Goshen, New York.

JEFFREY R. METZ (Adam Leitman Bailey, John M. Desiderio, William J. Geller, on the brief), Adam Leitman Bailey, P.C., New York, New York.

FOR AMICI CURIAE:              Edward Josephson, Legal Services NYC, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Emanuel Ku appeals from the district court's May 15, 2012 judgment entered pursuant to its May 14, 2012 Memorandum Decision granting the motions to dismiss of defendants-appellees United States Department of Housing and Urban Development ("HUD"), Shaun Donovan, Secretary of HUD, Cutler, Trainor & Cutler, LLC, as Foreclosure Commissioner, the City of Newburgh, and Burton Towers LLC, and denying Ku's motion for leave to file a second amended complaint. See Ku v. U.S. Dep't. of Hous. & Urban Dev., No. 11 Civ. 6858 (S.D.N.Y. May 15, 2012).

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Ku sued defendants under the Multifamily Mortgage Foreclosure Act, 12 U.S.C. § 3701 et seq. (the "MMFA"), and the Fifth Amendment, alleging that he was improperly excluded from

-2-

bidding on Burton Towers at a foreclosure sale conducted by HUD.[1] The property is a subsidized apartment complex in Newburgh, New York.

On appeal, Ku argues that the district court erred in concluding that his suit against the federal defendants was barred by sovereign immunity and that he lacked standing to sue the City of Newburgh and Burton Towers.[2]

We review the district court's dismissal for lack of subject matter jurisdiction <u>de novo</u> and its factual findings in that respect for clear error. <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000) (citing <u>Close v. New York</u>, 125 F.3d 31, 35 (2d Cir. 1997)). We review the denial of leave to amend for abuse of discretion. <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 108 (2d Cir. 2007). We have the authority to affirm the district court decision on any grounds for which there is a basis in the record. <u>Chesley v. Union Carbide Corp.</u>, 927 F.2d 60, 68 (2d Cir. 1991) ("It is axiomatic . . . that we may affirm 'on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court.'" (citations omitted)).

---

[1] As the district court noted, Ku did not cite either the National Housing Act, 12 U.S.C. § 1701 *et seq*. (the "NHA"), or the Administrative Procedures Act, 5 U.S.C. § 702 (the "APA"), in his amended complaint. In its decision, however, the district court addressed the NHA and the APA because Ku raised arguments based on those statutes in his opposition to defendants' motions to dismiss and his cross-motion for leave to amend the amended complaint.

[2] Ku does not appeal the denial of his Fifth Amendment claim. At oral argument in this Court, Ku acknowledged that he was no longer pursuing his claims against the City of Newburgh and Burton Towers, LLC.

1. **The Motion to Dismiss**

Ku alleges that the federal defendants improperly excluded him from the auction by limiting the bidders to governmental entities, local housing development fund corporations, and lien holders.

The district court dismissed the claims against the federal defendants for lack of subject matter jurisdiction on the grounds that the United States had not waived sovereign immunity under 12 U.S.C. § 1715z-11a(a) or the APA. The district court held that the waiver of sovereign immunity contained in § 1702 of the NHA did not extend to § 1715z-11a(a), and that review under the APA was not available because the agency action here was committed to agency discretion by law.

We need not decide these issues. Even assuming that the United States had waived sovereign immunity for claims under section 1715z-11a(a) and the APA in the circumstances here, Ku's claims still fail as a matter of law.

> Section 1715z-11a(a) provides, in pertinent part:
>
> During fiscal year 1997 and fiscal years thereafter, the Secretary may manage and dispose of multifamily properties owned by the Secretary . . . and multifamily mortgages held by the Secretary <u>on such terms and conditions as the Secretary may determine</u>, notwithstanding any other provision of law.

12 U.S.C. § 1715z-11a(a) (emphasis added). The statute plainly provides the Secretary with discretion to set the terms and conditions for disposing of a multifamily mortgage. Here, even assuming there are meaningful standards against which to measure HUD's exercise of discretion, its actions in restricting the

bidding were entirely reasonable.  As the district court noted, Burton Towers housed low-income, elderly tenants, and the property had substantial safety deficiencies and needed significant renovations and repairs.  HUD's decision to limit the bidding to governmental entities, local housing development fund corporations, and lien holders was rational.  As HUD's actions were neither an abuse of discretion nor "arbitrary and capricious," they did not violate § 1715z-11a(a) or the APA.

2.  **Leave to Amend**

The district court did not abuse its discretion in denying Ku leave to file a second amended complaint.  Because any amendment to his first amended complaint would have been futile, we affirm its decision not to grant leave.  Cf. Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003).

We have considered all of Ku's remaining arguments and conclude that they are without merit.  Accordingly, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK